**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**DAMIEN FORD, ADC # 143035**                                            **PLAINTIFF**

**V.**                      **CASE NO. 5:16-CV-234-BRW-BD**

**P. GOOLEY, et al.**                                                    **DEFENDANTS**

**RECOMMENDED DISPOSITION**

I.      **Procedures for Filing Objections:**

        This Recommended Disposition ("Recommendation") has been sent to Judge Billy

Roy Wilson.  You may file written objections to this Recommendation.  If you file

objections, they must be specific and must include the factual or legal basis for your

objection.  Your objections must be received in the office of the United States District

Court Clerk within fourteen (14) days of this Recommendation.

        If no objections are filed, Judge Wilson can adopt this Recommendation without

independently reviewing the record.  By not objecting, you may also waive  any right to

appeal questions of fact.

II.     **Background:**

        Damien Ford, an inmate in the Arkansas Department of Correction ("ADC"), filed

this case pro se under 42 U.S.C. § 1983.  (Docket entry #2) Mr. Ford's allegations relate

to a disciplinary conviction for failing to obey orders, being out of place of assignment,

and unexcused absence from work.  (#2, pp. 8-12)  As a result of the disciplinary

conviction, Mr. Ford lost commissary, telephone, and visitation privileges.  He also suffered a reduction in his inmate class.  (#2, p. 11)

Mr. Ford appealed the disciplinary conviction, and the disciplinary review officer reversed the conviction.  (#2, p. 14)  There was no reason given for the reversal beyond a reference to a thorough review of the record.  Mr. Ford appealed the disciplinary conviction reversal and ADC Director Wendy Kelly noted that the conviction was already reversed.  (#2, p. 15)  Again, no reason was given for the decision to reverse the disciplinary conviction.

It is likely, from reviewing the record, that the reversal was based on the ADC's failure to follow its own policy.  It appears that the ADC either failed to write or failed to hear the disciplinary charge within the time prescribed by ADC policy.

**III.**   **Discussion:**

A.   *Standard*

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner's claims are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant's conduct deprived him of a right, privilege, or immunity secured by the federal

2

Constitution or laws of the United States.  42 U.S.C.  § 1983.  The Court must accept the

factual allegations in the complaint as true and hold a pro se plaintiff's pleadings "to less

stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404

U.S. 519, 520-21 (1972) (*per curiam*).  Still, a prisoner-plaintiff must plead facts with

enough specificity "to raise a right to relief above the speculative level." *Bell Atlantic

Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007)(citations omitted).

Even construing Mr. Ford's complaint liberally, it fails to state a federal claim for relief.

      B.    *Claims*

      Mr. Ford alleges that Sgt. Gooley violated his fifth, eighth, and fourteenth

amendment rights, along with a number of State rules and regulations, by serving the

disciplinary notification at issue beyond the time the policy allows.  (#2, p. 4)  Mr. Ford

claims that this action deprived him of leisure time when he had to attend the disciplinary

hearing.

      Mr. Ford alleges that his punishment prevented him from "playing checkers,

dominoes, writing a letter, reading a book, drawing pictures, going to yard call, talking on

the telephone, making cross word puzzles, walking around the barracks, visiting in the

dayroom with other inmates, looking at the television, [and] listening to the radio."  (#2,

p. 5)  For relief, Mr. Ford requests $200,000 in compensatory damages, $600,000 in

punitive damages, a "major time cut," and a completely expunged disciplinary jacket.

(#2, p. 3)

C. *Cruel and Unusual Punishment*

Mr. Ford claims Sgt. Gooley's actions violated his eighth amendment right to be free from cruel and unusual punishment. The alleged punishment, a temporary denial of leisure activities, does not come close to stating an eighth amendment claim.

D. *Due Process*

To prevail on a due process claim, Mr. Ford must demonstrate that he was deprived of life, liberty or property by government action. *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Mr. Ford's liberty interest is limited to freedom from restraint which imposes atypical and significant hardship in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 483-486, 115 S.Ct. 2293 (1995).

Here, Mr. Ford alleges that he lost commissary, telephone, and visitation privileges. He also suffered a reduction in his inmate class. (#2, p. 11) These types of deprivations are not the kind of "atypical and significant" deprivations that implicate a loss of liberty. See *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (loss of working, mailing, commissary, and telephone privileges not an atypical and significant hardship under *Sandin*). This is true even where a disciplinary decision is later reversed. See *Wycoff v. Nichols*, 94 F.3d 1187, 1189-90 (8th Cir. 1996) (no liberty interest arising where prisoner served forty-five days in administrative segregation before disciplinary decision was reversed).

Furthermore, Mr. Ford also has no constitutionally protected liberty interest in, or right to, a particular prison classification. *Moody v. Daggett*, 429 U.S. 78, 88 fn. 9, 97 S.Ct. 274 (1976). Accordingly, Mr. Ford has failed to state a due process claim.

     E.    *State Laws, Rules, Policies, and Regulations*

Mr. Ford does not have a constitutional right to have state officials follow state laws, rules, policies or regulations. *Phillips*, 320 F.3d at 847. Accordingly, Mr. Ford's allegation that ADC officials failed to follow state laws, rules, policies and regulations fails to state a federal claim.

## IV.  **Conclusion**:

The Court recommends that Judge Wilson DISMISS Mr. Ford's federal claims with prejudice. In addition, the Court recommends that Judge Wilson certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action would be frivolous and would not be taken in good faith.

DATED this 4th day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE